SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON
Anthony A. Zmaila, Esq. (NV Bar No. 2319)
Michael F. Lynch, Esq. (NV Bar No. 8555)
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    (702) 791-0308
Facsimile:    (702) 791-1912
Email:   azmaila@nevadafirm.com

Attorneys for Plaintiff Larry L. Bertsch,
  Chapter 7 Trustee

RECEIVED AND FILED

2004 MAR 19 P 3: 59

U.S. BANKRUPTCY COURT
          GRAY, CLERK

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

In re:

ADAMA LAND DEVELOPMENT CORP.,

  Debtor.

Case No. BK-S-02-12942-LBR
Chapter 7

LARRY L. BERTSCH,

            Trustee,

vs.

BIG BEN BAR, LLC, a Nevada limited liability company; C-CUBED, a Nevada limited liability company; EXCELL, LLC, a Nevada limited liability company; GREAT AMERICAN COMMERCE, LTD., LLC, a Nevada limited liability company; QUICK CHICK, LLC, a Nevada limited liability company; TEX-MEX, LLC, a Nevada limited liability company; ENTASIS DESIGN GROUP, a Nevada business organization; HAMID PANAHI, an individual; IN DOG WE TRUST., a Nevada business organization; Lone Mountain, a Nevada business organization; SHOOTING STAR, a Nevada business organization; SILVERADO BERMUDA RETAIL CENTER, a Nevada business organization; STAR CITY, INC., a Nevada corporation; TV SIGN, INC., a Nevada corporation; DAVID NORDHEIM, an individual; ZOLI AHRONOVIZ, an individual; JOEL BASH, an individual

                  Defendants.
_____/

Adv. Case No.

**COMPLAINT FOR BREACH OF CONTRACT; RECOVERY OF LOANS; RECOVERY OF PREFERENCE; RECOVERY OF ASSET FRAUDULENTLY CONVEYED; RECOVERY OF PAYMENTS UNJUSTLY CONFERRED**

Date of Hearing:   6-24-04
Time of Hearing:   11:00 AM

Plaintiff Larry L. Bertsch, Chapter 7 Trustee of the estate of Adama Land Development Corp., debtor in this bankruptcy case, complains and alleges as follows:

### A. JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to 28 U.S.C. Section 1334 because this adversary proceeding constitutes a civil proceeding arising under title 11, or arising in or related to this bankruptcy case, a case under title 11.

2. This adversary proceeding is a core proceeding under 28 U.S.C. Section 157(b)(2)(A), (C), and (O).

3. Venue for this adversary proceeding is proper in this judicial district under 28 U.S.C. § 1409.

### B. IDENTITY OF PLAINTIFF

4. Adama Land Development Corp. ("Adama Development") is a Nevada corporation formed in 1996. Adama Development filed a petition for relief under the bankruptcy code and is presently the debtor in this bankruptcy case.

5. Plaintiff Larry L. Bertsch (the "Trustee") was originally appointed as the Chapter 11 Trustee on or about May 15, 2002. Upon conversion of this bankruptcy case to a case under Chapter 7, the Trustee has served as Chapter 7 Trustee for the Estate.

6. Adama Development was in the business of developing commercial property in Clark County, Nevada.

### C. ADAMA DEVELOPMENT AND THE BASH-NORDEHIM-AHRONOVIZ GROUP

7. In this complaint, plaintiff refers to BIG BEN BAR, LLC, a Nevada limited liability company; C-CUBED, a Nevada limited liability company; EXCELL, LLC, a Nevada limited liability company; GREAT AMERICAN COMMERCE, LTD., LLC, a Nevada limited liability company; QUICK CHICK, LLC, a Nevada limited liability company; TEX-MEX, LLC, a Nevada limited liability company; ENTASIS DESIGN GROUP, a Nevada business organization; HAMID PANAHI, an individual; IN DOG WE TRUST., a Nevada business organization; Lone Mountain, a Nevada business organization; SHOOTING STAR, a Nevada business organization; SILVERADO BERMUDA RETAIL CENTER, a Nevada business organization; STAR CITY, INC., a Nevada corporation; TV SIGN, INC.,

a Nevada corporation; DAVID NORDHEIM, an individual; ZOLI AHRONOVIZ, an individual; JOEL BASH, an individual, collectively as the "Bash-Nordheim-Ahronoviz Group."

8. The Trustee makes the collective reference for ease of pleading and anticipates that the liability of one member of the Bash-Nordheim-Ahronoviz Group might differ from the liability of other members of the Bash-Nordheim-Ahronoviz Group.

9. The Trustee is informed and believes that Adama Development formed, caused or participated in the formation one, more or all members of the Bash-Nordheim-Ahronoviz Group.

10. The Trustee is informed and believes that Adama Development made transfers of money or property one, more or all members of the Bash-Nordheim-Ahronoviz Group.

11. The Trustee believes that discovery in this action will reveal that Adama Development made additional transfers to the Bash-Nordheim-Ahronoviz Group. The Trustee will seek leave of court to add such additional transfers to the Bash-Nordheim-Ahronoviz Group as information about such transfers is discovered.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract against the Bash-Nordheim-Ahronoviz Group)

12. The Trustee incorporates into this First Claim for Relief paragraphs 1 through 11 of this Complaint as if fully set forth.

13. The Bash-Nordheim-Ahronoviz Group and Adama Development entered into a contract by which Adama Development agreed to advance funds for the operations of the Bash-Nordheim-Ahronoviz Group and which the Bash-Nordheim-Ahronoviz Group agreed to repay within a reasonable time.

14. Between January 1998 and January 2003 Adama Development advanced in excess of $75,000 to the Bash-Nordheim-Ahronoviz Group.

15. The Bash-Nordheim-Ahronoviz Group has not repaid any part of the funds advanced by Adama Development.

16. By failing to repay the advances to Adama Development, the Bash-Nordheim-Ahronoviz Group breached its contract with Adama Development.

17. Adama Development has been damaged by the Bash-Nordheim-Ahronoviz Group's

breach of contract.

18. The Trustee has retained the services of counsel to bring and maintain this adversary proceedings, and under the Adama Governing Documents, and otherwise, is entitled to recover his fees and costs for bringing and maintaining this action.

### SECOND CLAIM FOR RELIEF

### (Money Lent to the Bash-Nordheim-Ahronoviz Group against the Bash-Nordheim-Ahronoviz Group)

19. The Trustee incorporates into this Second Claim for Relief paragraphs 1 through 11 of this Complaint as if fully set forth.

20. Between January 1998 and January 2003 Adama Development loaned in excess of $75,000 to the Bash-Nordheim-Ahronoviz Group.

21. The Bash-Nordheim-Ahronoviz Group has not repaid any part of the loans from Adama Development.

22. Adama Development has been damaged by the Bash-Nordheim-Ahronoviz Group's failure to repay the loans.

23. The Trustee has retained the services of counsel to bring and maintain this adversary proceedings, and under the Adama Governing Documents, and otherwise, is entitled to recover his fees and costs for bringing and maintaining this action.

### THIRD CLAIM FOR RELIEF

### (Recovery of Preferences from the Bash-Nordheim-Ahronoviz Group)

### (11 U.S.C. § 547(b))

24. The Trustee incorporates into this Third Claim for Relief paragraphs 1 through 11 of this Complaint as if fully set forth.

25. The Trustee is informed and believes that Adama Development made certain of the transfers of money or property to the Bash-Nordheim-Ahronoviz Group within one year before the date of the filing of the petition commencing this case.

26. The Trustee is informed and believes that the transfers of money or property to the Bash-Nordheim-Ahronoviz Group was made for or on account of an antecedent debt owed by the Adama

1  Development.

2  27. The Trustee is informed and believes that the transfers of money or property to the Bash-Nordheim-Ahronoviz Group was made while Adama Development was insolvent.

4  28. The Trustee is informed and believes that the transfers of money or property to The Bash-Nordheim-Ahronoviz Group caused a reduction, as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of the receivables that Adama Development might have made available to creditors and interest holders.

8  29. The Trustee is informed and believes that the transfers of money or property to the Bash-Nordheim-Ahronoviz Group will enable the Bash-Nordheim-Ahronoviz Group to receive more it would receive as a creditor if the case were under chapter 7 of Title 11, the transfer had not been made, and the Bash-Nordheim-Ahronoviz Group received payment of its debts to the extent provided by the provisions of said Title 11.

13  30. The Trustee has retained the services of counsel to bring and maintain this adversary proceedings, and under the Adama Governing Documents, and otherwise, is entitled to recover his fees and costs for bringing and maintaining this action.

## FOURTH CLAIM FOR RELIEF

### (Recovery of Fraudulent Conveyance from the Bash-Nordheim-Ahronoviz Group)

### (11 U.S.C. § 548)

19  31. The Trustee incorporates into this Fourth Claim for Relief paragraphs 1 through 11 of this Complaint as if fully set forth.

21  32. The Trustee is informed and believes that within one year before the filing of the petition, Adama Development transferred money or property to the Bash-Nordheim-Ahronoviz Group. To the extent that Nevada State law provides a longer period, the Trustee is informed and believes that within four years before the filing of the petition, Adama Development transferred money or property to the Bash-Nordheim-Ahronoviz Group.

26  33. The Trustee is informed and believes that the transfer of money or property to the Bash-Nordheim-Ahronoviz Group was made with actual intent to hinder, delay or defraud any entity to which Adama Development was or became indebted on or after the date such transfer occurred.

I:\AAZ\4204 Adama Land Development\BashNordheimAhronoviz recovery of advances\BashNordheimAhronoviz Group Master Complaint 031904.wpd

- 5 of 8 -

34. The Trustee is informed and believes that Adama Development received less than a reasonably equivalent value in exchange for the transfer of money or property the Bash-Nordheim-Ahronoviz Group.

35. The Trustee is informed and believes that Adama Development was insolvent on the date that the transfer of money or property to the Bash-Nordheim-Ahronoviz Group was made, or became insolvent as a result of such transfers.

36. The Trustee is informed and believes that Adama Development intended to incur, or believed that Adama Development would incur, debts that would be beyond the its ability to pay as such debts matured.

37. The Trustee has retained the services of counsel to bring and maintain this adversary proceedings, and under the Adama Governing Documents, and otherwise, is entitled to recover his fees and costs for bringing and maintaining this action.

## FIFTH CLAIM FOR RELIEF

### (Voidable Postpetition Transfer under 11 U.S.C. § 549 against the Bash-Nordheim-Ahronoviz Group)

38. The Trustee incorporates into this Fifth Claim for Relief paragraphs 1 through 11 of this Complaint as if fully set forth.

39. The Trustee is informed and believes that Adama Development made one or more postpetition transfers to the Bash-Nordheim-Ahronoviz Group after the commencement of the bankruptcy case, and that such transfers were not authorized under Title 11 of the United States Code.

40. The Trustee is informed and believes that the postpetition transfers to the Bash-Nordheim-Ahronoviz Group do not comply with the provisions of 11 U.S.C. § 549(c).

41. Pursuant to 11 U.S.C. § 549, the Trustee is entitled to avoid the transfers to the the Bash-Nordheim-Ahronoviz Group.

42. The Trustee has retained the services of counsel to bring and maintain this adversary proceedings, and under the Adama Governing Documents, and otherwise, is entitled to recover his fees and costs for bringing and maintaining this action.

. . .

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment for the Bash-Nordheim-Ahronoviz Group)

43. The Trustee incorporates into this Sixth Claim for Relief paragraphs 1 through 11 of this Complaint as if fully set forth.

44. The Trustee is informed and believes that the Bash-Nordheim-Ahronoviz Group claims to have been entitled to money or property from Adama Development.

45. Adama Development transferred money or property from Adama Land and various subsidiaries to the Bash-Nordheim-Ahronoviz Group.

46. Adama Land conferred a benefit upon the Bash-Nordheim-Ahronoviz Group by transferring money or property to the Bash-Nordheim-Ahronoviz Group.

47. The Trustee is informed and believes that the Bash-Nordheim-Ahronoviz Group received money or property from Adama Development and its subsidiaries and the Bash-Nordheim-Ahronoviz Group was not entitled to the transfer of money or property at the time Adama Development made said transfers.

48. Because the Bash-Nordheim-Ahronoviz Group was not entitled to the transfer of money or property from Adama Development and its subsidiaries, the Bash-Nordheim-Ahronoviz Group has been unjustly enriched to the detriment of Adama Development.

49. The Trustee has retained the services of counsel to bring and maintain this adversary proceedings, and under the Adama Governing Documents, and otherwise, is entitled to recover his fees and costs for bringing and maintaining this action.

**WHEREFORE**, Plaintiff Larry L. Bertsch, as Chapter 7 Trustee of the Bankruptcy Estate of Adama Land Development Corp., prays as follows, for:

1. Damages in an amount to be determined at trial for breach of contract by the liable member or members of the Bash-Nordheim-Ahronoviz Group.

2. Damages in an amount to be determined at trial for money lent to the liable member or members of the Bash-Nordheim-Ahronoviz Group.

3. An order declaring that the transfer of money or property to the liable member or members of the Bash-Nordheim-Ahronoviz Group constituted a preference, and restoring the preferential

1 | transfer to Adama Development.

2 | 4. An order restoring to Adama Development the money or property fraudulently transferred by Adama Development to the liable member or members of the Bash-Nordheim-Ahronoviz Group.

5. An order avoiding the postpetition transfers and restoring to Adama Development the money or property transferred by Adama Development to the liable member or members of the Bash-Nordheim-Ahronoviz Group.

6. An order directing defendant the liable member or members of the Bash-Nordheim-Ahronoviz Group to return payments and benefits unjustly conferred to Adama Development.

7. Compensatory damages in an amount to be determined.

8. Reasonable attorney's fees and costs of suit.

9. Such other and further relief the Court may so deem to grant.

**DATED** this ____19____ day of March, 2004.

SANTORO, DRIGGS, WALCH,
KEARNEY, JOHNSON & THOMPSON

_/s/ Anthony A. Zmaila_

Anthony A. Zmaila, Esq.
Nevada Bar No. 2319
Michael F. Lynch, Esq.
Nevada Bar No. 8555
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
(702) 791-0308 Telephone
(702) 791-1912 Facsimile
e-mail: azmaila@nevadafirm.com

*Attorneys for Plaintiff Larry L. Bertsch,
Chapter 7 Trustee*

I:\AAZ\4204 Adama Land Development\BashNordheimAhronoviz recovery of advances\BashNordheimAhronoviz Group Master Complaint 031904.wpd

- 8 of 8 -

| B104 (Rev. 8/87) | ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | Adversary Proceeding Number (Court Use Only) |
|---|---|---|
| **PLAINTIFFS** LARRY L. BERTSCH | | **DEFENDANTS** BIG BEN BAR, LLC, a Nevada limited liability company; C-CUBED, a Nevada limited liability company; EXCELL, LLC, a Nevada limited liability company; GREAT AMERICAN COMMERCE, LTD., LLC, a Nevada limited liability company; QUICK CHICK, LLC, a Nevada limited liability company; TEX-MEX, LLC, a Nevada limited liability company; ENTASIS DESIGN GROUP, a Nevada business organization; HAMID PANAHI, an individual; IN DOG WE TRUST, a Nevada business organization; Lone Mountain, a Nevada business organization; SHOOTING STAR, a Nevada business organization; SILVERADO BERMUDA RETAIL CENTER, a Nevada business organization; STAR CITY, INC., a Nevada corporation; TV SIGN, INC., a Nevada corporation; DAVID NORDHEIM, an individual; ZOLI AHRONOVIZ, an individual; JOEL BASH, an individual |
| ATTORNEYS (Firm Name, Address, and Telephone No.) Anthony A. Zmaila, Esq (NBN 2319) email: azmaila@nevadafirm.com Michael F. Lynch, Esq. (NBN 8555) email: mlynch@nevadafirm.com SANTORO, DRIGGS, WALCH, KEARNEY, JOHNSON & THOMPSON 400 South Fourth Street, Third Floor Las Vegas, NV  89101 (702) 791-0308 telephone/ (702) 791-1912 (facsimile) | | ATTORNEYS (If Known) |

PARTY (Check one box only)    ☐ 1 U.S. PLAINTIFF    ☐ 2 U.S. DEFENDANT    ■ 3 U.S. NOT A PARTY

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)

COMPLAINT FOR BREACH OF CONTRACT; RECOVERY OF LOANS; RECOVERY OF PREFERENCE; RECOVERY OF ASSET FRAUDULENTLY CONVEYED; RECOVERY OF PAYMENTS UNJUSTLY CONFERRED - 11 U.S.C. §§ 547(b) and 548

**NATURE OF SUIT**
(Check the one most appropriate box only.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ■ 454 | To Recover Money or Property | ☐ 455 | To revoke an order of confirmation of a Chap. 11 or Chap. 13 Plan | ☐ 456 | To obtain a declaratory judgment relating to any of foregoing causes of action | |
| ☐ 435 | To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property | ☐ 426 | To determine the dischargeability of a debt 11 U.S.C. § 523 | | | |
| ☐ 458 | To obtain approval for the sale of both the interest of the estate and of a co-owner in property | ☐ 434 | To obtain an injunction or other equitable relief | ☐ 459 | To determine a claim or cause of action removed to a bankruptcy court | |
| ☐ 424 | To object or to revoke a discharge 11 U.S.C. § 727 | ☐ 457 | To subordinate any allowed claim or interest except where such subordination is provided in a plan | ☐ 498 | Other (specify) | |

| ORIGIN OF PROCEEDINGS (Check one box only.) | ■ 1 Original Proceeding | ☐ 2 Removed Proceeding | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another Bankruptcy Court | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 |
|---|---|---|---|---|---|
| **DEMAND** | NEAREST THOUSAND $ greater than $75,000 | OTHER RELIEF SOUGHT | | | ☐ JURY DEMAND |

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR ADAMA LAND DEVELOPMENT CORP | BANKRUPTCY CASE NO. BK-S-02-12942 | |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING Nevada | DIVISIONAL OFFICE Southern | NAME OF JUDGE Linda B. Riegle |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF N/A | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

| FILING FEE (Check one box only ) | ■ FEE ATTACHED | ☐ FEE NOT REQUIRED | ☐ FEE IS DEFERRED |
|---|---|---|---|
| DATE March 19, 2004 | PRINT NAME Anthony A. Zmaila | SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |